UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| WILLIAM J. YOUNG, ) | |
| ) | |
| Plaintiff, ) | Civil No. 09-290-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| WHITLEY COUNTY DETENTION ) | **AND ORDER** |
| CENTER, ET AL., ) | |
| ) | |
| Defendants. | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Defendants' Motion to Dismiss. [R. 13.] For the reasons set forth below, the Motion will be partially granted and partially denied.

**I.**

On August 20, 2009, William J. Young, a prisoner confined in the McCreary County Detention Center in Whitley City, Kentucky, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, complaining of certain events at the place of a previous incarceration, the Whitley County Detention Center ("WCDC") in Williamsburg, Kentucky. Plaintiff submitted an EDKy Complaint Form for filing civil rights actions and claimed violations of his rights under federal law and Kentucky regulations.

After granting Plaintiff's accompanying Motion to Proceed *in forma pauperis*, the Court screened the Complaint pursuant to 28 U.S.C. § 1915A (1996). The Court summarized the factual allegations as follows:

. . . Plaintiff's factual allegations begin on July 3, 2009, when a Deputy Jailer at

> the Whitley County Detention Center, named Cecil Powers, Jr., purportedly separated him into an isolation cell, where "he then yelled at me slapped me on the right side of my head, pushed me down and stepped on my left shoulder." When Plaintiff later asked another deputy jailer for aspirin because his back hurt, "Cecil then came back . . . threatened me and demeaned me."
>
> In addition to Cecil Powers, Plaintiff Young names 5 additional Defendants. He first lists the Whitley County Detention Center as a Defendant, and he alleges that its Jailer, Ken Mobley "failed to respond to this assault even though the whole cell filled out an incident Report." Bob O'Neil, a "Class D Facilitator," purportedly knew that Powers had been previously dismissed for assaulting prisoners but re-hired him anyway. Deputy Jailer Joe Fuson is alleged to have taken the orange county detention shirt with Powers' boot print on it for evidence of the assault, a shirt which "disappeared when the Department of Corrections officials came to investigate."
>
> In what is apparently a separate incident, Plaintiff alleges that Head Nurse Melinda Moses "failed to give me proper medical attention when I caught MSRA or staff infection and my prescribed medications." Plaintiff seeks damages and injunctive relief.

[Record No. 8 at 1-2.] The Court then acknowledged that the Defendant Detention Center was not an entity subject to suit and directed that the County Attorney be served to address the allegations on behalf of the County. Accordingly, the undersigned directed service of summons on the County and on the named Defendants in their official and individual capacities.

## II.

The Defendants, by counsel, have responded with a combination Motion to Dismiss and Answer containing a total of 17 defenses, most of which are general defenses. In an accompanying memorandum, they urge dismissal of Young's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a federal claim upon which the Court may grant relief.

As to the alleged lack of medical treatment, the Defendants contend that Plaintiff has not

2

alleged deliberate indifference to his serious medical needs as is necessary to state a claim under 42 U.S.C. § 1983, and thus the medical claim should be dismissed. As to the WCDC as an entity, they repeat the Court's statement that the Detention Center cannot be sued under Section 1983, and thus the WCDC is entitled to dismissal also.

As to the claims against the remaining Defendants, they point out that the claims asserted against them in their official capacities are the equivalent of suits against the State, and thus, the official capacity claims should also be dismissed. With regard to the individual claims, they argue that none of the alleged mistreatment of Plaintiff involved personal participation or even encouragement on the part of Defendant Jailer Mobley (who purportedly did nothing despite notice), employee O'Neil (who allegedly hired Powers with knowledge of his assaultive history), or Deputy Fuson (who allegedly lost Plaintiff's property, including evidence of Powers's attack on him).

In two Responses [R. 18, 20] to the Defendants' Motion, the Plaintiff insists that he has stated a claim against each Defendant, *i.e.*, Powers abused his office and the body of the Plaintiff; the warden failed to intervene despite knowing of the abuse; the nurse so ignored his medical needs that he made his own crude bandage and lanced the infected wound himself; O'Neil hired Powers despite knowing of his violence to prisoners; and Fuson conveniently "lost" his property, including his clothing with Powers's boot print on it so that it could not be used against his co-worker. Plaintiff identifies WCDC employees and inmates who witnessed the alleged events and prays that the Court let him go forward against the named Defendants.

In a Reply [R. 24], the Defendants fault the Plaintiff for his failure to support his arguments with an affidavit, even his own. They urge dismissal for this additional reason. They

3

also attach copies of three Incident Reports written by jail employees, including Powers's report about the July 3, 2009 incident between himself and the Plaintiff. His version suggests that the Plaintiff began the confrontation by yelling and cursing, and that Powers merely opened the cell door to give him a verbal reprimand. The other two incident reports, dated the next month, specifically August 4th, also suggest that Young's injuries were caused by him, not jail personnel.

The Plaintiff has filed additional pleadings arguing that he has, indeed, stated viable claims. [R. 25-26.][1] Although he did not seek the Court's permission to submit further pleadings, it will be allowed the *pro se* Plaintiff. Young maintains therein that he was not yelling and cursing at the time of the July 3, 2009 incident, but was laughing. He supplies the names of additional witnesses to the alleged incident and asks that his lawsuit go forward. As to the August 4th incident, he argues vehemently that it was a totally different situation and prays that the Court ignore it.

### III.

To the extent that the Defendants are sued in their official capacities, they are correct that the U.S. Constitution's Eleventh Amendment bars claims against state officials in their official capacities for damages. *See Hafer v. Melo*, 112 S. Ct. 358, 365 (1991); *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992). The Eleventh Amendment does not bar damages claims against state officials in their individual capacities. *Id.* Nor does the Eleventh Amendment bar prospective injunctive relief claims sought under federal law even if the action is brought against state officials in their official capacities. *Edelman v. Jordan*, 415 U.S. 651, 664 (1974). Therefore, the official capacity claims for damages will be dismissed while those for injunctive

---

[1] Docket Entry No. 26 is identical to Plaintiff's earlier filed Response at No. 18. In fact, it appears that No. 26 is the original document and No. 18 is a photocopy, which has been summarized in this opinion *supra*.

relief will remain.

The Court cannot, however, dismiss the Complaint on the remaining grounds urged by the Defendants. The Supreme Court of the United States has directed that a motion to dismiss under Rule 12(b)(6) for failure to state a claim "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Stated differently, a complaint should be dismissed under the Rule only if there is not law to support the claims, if the alleged facts are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978); *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976).

Also, well pled allegations must be taken as true and construed most favorably toward the non-movant. *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S. Ct. 1937, 1951 (2009); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Because the instant Plaintiff is proceeding without the benefit of an attorney, the Court reads the Complaint to include all fairly and reasonably inferred claims. *Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008).

Consistent with the foregoing standards, in the instant case, the Court cannot conclude that there is no law to support the Plaintiff's claims, that the Plaintiff's claims lack factual support, or that there is an insurmountable bar to relief. Young has been specific in his allegations as to who did what and when, and how he was injured by their conduct. And he has provided the names of witnesses whom he purportedly can use to present his version of the facts.

Any one of the Defendants' enumerated defenses may ultimately prove dispositive of this

suit against them. At this time, however, the Court cannot say that the Plaintiff will be unable to support his claim. Discovery is appropriate to see what evidence can support his allegations. Plaintiff will be given an opportunity to go forward his claims for damages from the Defendants individually, and with his claims for injunctive relief.

### IV.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Defendants' Motion to Dismiss [R. 13] is **PARTIALLY GRANTED**, to the extent that Plaintiff's official capacity damages claims against Ken Mobley, Cecil Powers, Jr., Bob O'Neil, Joe Fuson, and Melinda Moses are **DISMISSED** for the reasons stated above.

(2) The Defendants' Motion to Dismiss [R. 13] is **DENIED** in all other respects, without prejudice.

(3) By separate Order, the Court will refer this matter to a Magistrate Judge for further proceedings.

This the 22nd day of April, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge